UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Yardley Burgess, <br><br> Plaintiff, <br><br> v. <br><br> Progressive Finance Holdings, LLC, <br><br> Defendant. | Civil Action No.: 4:14-cv-1039 <br><br> **COMPLAINT** <br> **JURY** |

For this Complaint, Plaintiff, Yardley Burgess, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1. Plaintiff, Yardley Burgess ("Plaintiff"), is an adult individual residing in Katy, Texas, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

2. Defendant, Progressive Finance Holdings, LLC ("PFH"), is a Utah business entity with an address of 11629 South 700 East, Draper, Utah 84020, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

**FACTS**

3. In or around December 2013, PFH began calling Plaintiff's cellular telephone in an attempt to collect a debt.

4. At all times mentioned herein, PFH contacted Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer").

5. When he answered the automated calls, Plaintiff heard either an extended period of music or an extended period of silence before he was transferred to a live representative.

6. On or about February 8, 2014, Plaintiff requested that PFH remove his number from its automated system and directed PFH to cease calling his cellular phone.

7. Nonetheless, PFH continued to hound Plaintiff with automated calls.

A. **Plaintiff Suffered Actual Damages**

8. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

9. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendant's telephone systems have all the earmarks of a predictive dialer. When Plaintiff answered the calls, he was met with a period of music or silence before he was connected to a live person.

14. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Plaintiff did not provide and/or revoked his consent to be contacted on his cellular telephone, and in fact instructed Defendant on multiple occasions to stop all calls to him and cease calling his cellular telephone.

16. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff to be removed from their automated dialer system and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 16, 2014

Respectfully submitted,

By:  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
A Connecticut Law Firm

4

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424